## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: § | |
| § | Case No. 15-11099-SBB |
| RED MOUNTAIN RESOURCES, LLC § | (Chapter 7) |
| § | |
| DEBTOR. § | |

### BAKER HUGHES OILFIELD OPERATIONS, INC'S
### LIMITED OBJECTION TO TRUSTEE'S FINAL REPORT
### AND REQUEST FOR HEARING
[Relates to Docket No. 45]

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW, Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"), and files this Limited Objection to Trustee's Final Report and Request for Hearing ("Objection"). In support of this Objection, Baker Hughes will show the following:

### Relevant Facts

1. Baker Hughes furnished rental goods, services and consumables under contract with and in connection with oil and gas operations conducted by Red Mountain Resources, LLC ("Red Mountain" or "Debtor") in the state of Colorado for which Baker Hughes has not been paid. Baker Hughes filed a statutory mineral lien claim ("Lien Claim") against the Debtor's interest in the State 1604 #1 Well (the "Well"), to include State of Colorado Lease No. 93/1140-S (together the "Subject Property") pursuant to C.R.S. 38-24-101 *et seq*. Baker Hughes filed its Proof of Claim as a secured claim on April 6, 2015. *See* Claim No. 1. Therein, Baker Hughes did not assign a value to the Subject Property, because the value was unknown.

2. On June 29, 2015, the Trustee filed his Notice Pursuant to Bankruptcy Rule 6007(a) of Trustee's Intent to Abandon [Doc. 16] ("Trustee's Notice"). Pursuant to Trustee's Notice, the State of Colorado Lease No. 93/1140-S upon which the Well was drilled was to be abandoned

- 2 -

because it was (1) burdensome to the estate, and (2) had inconsequential value and benefit to the estate. Such property, along with two other leases were abandoned by the estate and thereby reverted to the debtor.

3. On March 16, 2016, the Trustee filed his Notice of Trustee's Final Report and Application for Compensation and Deadline to Object (NFR)[Doc. 47] and on March 15, 2016 filed Trustee's Final Report [Doc. 45] ("Final Report"). In the Final Report, the Trustee shows a balance of $57,627.22 to be distributed to parties asserting claims as follows:

- Secured Creditors: $0.00
- Chapter 7 fees and administrative expenses: $6,447.61
- Allowed General Unsecured Claims: $51,179.61

4. Baker Hughes is listed by the Trustee only as a secured creditor in the Final Report. Baker Hughes is not scheduled to receive any distribution. The same is true for all of the listed secured creditors.

## Objection—Argument and Authority

5. Baker Hughes objects to the Final Report on the grounds that Baker Hughes' claim is to receive no distribution.

6. Under the Bankruptcy Code, a claim is only secured to the extent of the value of the supporting collateral. *See* 11 U.S.C. § 506(a)(1). Section 506 (a)(1) provides in relevant part:

> An allowed claim of a creditor secured by a lien on property … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property…

- 3 -

*Id.* The collateral against which Baker Hughes asserted its Lien Claim has been determined by the Trustee and Baker Hughes to have no value. After the lease was abandoned, the State of Colorado terminated the lease and is in the process of plugging and abandoning the Well. As a result Baker Hughes' lien against the lease also terminated by operation of law. Baker Hughes has no secured claim against the estate, but continues to have an unsecured claim for provisions of goods and services to the Debtor. Because a claim is only secured to the extent of the value of the collateral, which is nothing here, Baker Hughes' entire claim should be treated as an unsecured claim in the Trustee's Final Report.

WHEREFORE PREMISES CONSIDERED, Baker Hughes Oilfield Operations, Inc. prays that the Court set this Objection for hearing and order that its claim be treated as an unsecured claim and all other relief it shows itself justly entitled.

Respectfully submitted,

SNOW SPENCE GREEN LLP

By: */s/Ross Spence*
Ross Spence
State Bar No. 18918400
ross@snowspencelaw.com
Holly C. Hamm
hollyhamm@snowspencelaw.com
2929 Allen Parkway, Ste 2800
Houston, TX 77019
(713) 335.4800 (phone)
(713) 335.4848 (fax)
**Attorneys for
Baker Hughes Oilfield Operations, Inc.**

- 4 -

This certifies that on March 31, 2016 a copy of
the foregoing pleading was served by the Bankruptcy
Court's electronic filing system on all parties who
have entered an appearance in this case.

Separately, the foregoing pleading was served on the
Trustee and the United States Trustee.

/s/ Holly C. Hamm
Holly C. Hamm